SCHOOLS
Under the provisions of 70 O.S. 6-104.5 [70-6-104.5] 70 O.S. 6-105 [70-6-105] (1976), a teacher who is absent from his or her duties due to personal accidental injury, illness or pregnancy and whose available sick leave has been previously exhausted, is entitled to receive, for an additional twenty (20) day period, full salary less the amount actually paid a substitute employed to temporarily assume such absent teacher's position. The amount paid a substitute may be such amount as may be agreed upon between the substitute teacher and the Board of Education. A school district's sick leave plan for teachers may legally permit the Board of Education to calculate deductions from the teachers salary on the basis of the actual employment contract period, so long as such period does not exceed one hundred ninety (190) days. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Under the provisions of 70 O.S. 6-104.5 [70-6-104.5] (1976), may a school district's sick leave plan for teachers legally permit the Board of Education to calculate deductions from the teacher's salary on the basis of the length of the contract, so long as it does not exceed one hundred ninety (190) days? Title 70 O.S. 6-104.5 [70-6-104.5] (1976), provides: "A. If, after exhausting all sick leave, a teacher is absent from his or her duties due to personal accidental injury, illness or pregnancy, the teacher shall receive the full contract salary less the amount actually paid a substitute teacher for his or her position for an additional period of twenty (20) days. "B. The district's plan may provide that the teacher is entitled to payment for accrued but unused sick leave upon termination of employment." (Emphasis added) In connection with the payments to be made to substitute teachers, 70 O.S. 6-105 [70-6-105] (1976), provides, in pertinent part: "A. If, because of sickness or other reason, a teacher is temporarily unable to perform his or her regular duties, a substitute teacher for his or her position may be employed for the time of such absence. A substitute teacher shall be paid in an amount and under such terms as may be agreed upon in advance by the substitute teacher and the board of education or according to regulations of the board. A teacher absent for reason of personal business shall have deducted from his salary by the school district only the amount necessary to pay the substitute." (Emphasis added) From a review of the statutory provisions above quoted, it may be concluded that when a teacher is absent due to personal accidental injury, illness or pregnancy, and such teacher's available sick leave has been previously exhausted, the absent teacher, for an additional twenty (20) day period, is entitled to receive full salary during such absence, less the amount which may be actually paid a substitute teacher employed to temporarily assume the teacher's position during such absence. The provisions do not specify the amount to be paid the substitute. This amount may be such as may be agree upon between the substitute and the school board. Accordingly, it may be further concluded that the statutes are likewise silent relative to the manner in which to calculate deductions from a teacher's salary for specified absences when such deductions become necessary. In your opinion request, you note a prior Opinion from this office concerning this question, this being, 1 Okl.Op.A.G. 311 (Opinion No. 68-326), issued November 15, 1968. In this prior Opinion, the Attorney General was asked, in part: "May a school district's sick leave plan for teachers legally permit the board of education to deduct from the teacher's salary on the basis of number of days taught each month or should such deduction be made on a thirty-day month basis?" In answer to this question, the Attorney General held: "For purposes of calculating deductions from a teacher's salary after the teacher's sick leave benefits have expired, a school district should utilize a basis of one hundred eighty days." In reaching this conclusion, the Attorney General relied heavily upon the application of 70 O.S. 1-10 [70-1-10] (1961) (now 70 O.S. 1-109 [70-1-109] (1971)), and 70 O.S. 1-11 [70-1-11] (1961) (now 70 O.S. 1-110 [70-1-110] (1971)) to the question posed. These sections pertain to the mandatory school year and month. In applying these sections to the question asked, this prior Opinion reasoned as follows: "These statutes indicate that for a teacher to complete a full school year and meet the requirements of the law he must be available for teaching at least one hundred eighty days with the exception of those times when conditions beyond the control of school authorities make a full term impossible or where five days are utilized for professional meetings. Therefore, the basis utilized by a school district in calculating deductions should be this one hundred eighty day period when school is required to be in session. When a teacher is absent after all sick leave benefits have been utilized, any deduction from salary should be calculated in the following manner: "Number of Days Absent After Amount To Be "All Sick Leave Benefits Have Teacher's Deducted From "Expired x Yearly = Teacher's " 180 Days Salary Salary" (Emphasis added) Your opinion request expresses concern over the application of the holding in this prior Opinion to those circumstances in which the teacher's actual contract-work period exceeds the basic one hundred eighty (180) day term, i.e. when such contract calls for a teacher services period up to but not exceeding one hundred ninety (190) days, as expressly authorized by 70 O.S. 6-106 [70-6-106] (1971). Stated otherwise, concern is expressed for what may be considered an inequitable application of this prior Opinion to those teachers whose lawful contract expands over a one hundred ninety (190) day duty period. In such instances, it may appear to be more equitable to apply a 1/190 of base pay deduction (or actual contract period base pay deduction) as opposed to a 1/180 of base pay deduction as referred in the prior Opinion. It is apparent that the prior Opinion, Opinion No. 68-326, supra, sought to prescribe an equitable cost basis for determining the proper deductions to be made from a teacher's base salary when all sick leave was exhausted and such deductions became necessary. It is additionally apparent that the conclusion reached in this prior Opinion, i.e. the one hundred eighty (180) day deduction basis, was reached in the context of the statutory school year and not within the context of the services period as may be set forth within any given teacher's contract. In viewing the prior Opinion in its proper prospective, and in light of the permissive and discretionary language set forth in 70 O.S. 6-104.5 [70-6-104.5] and 70 O.S. 6-105 [70-6-105], supra, it may be concluded that a school district's plan may allow the calculation of salary deductions on the basis of the services period specifically set forth in the teacher's contract so long as such period does not exceed that allowed by law. The prior Opinion from this office, Opinion No. 68-326, supra, should be deemed qualified to the extent inconsistent, if any, with this conclusion. It is, therefore, the opinion of the Attorney General that your question be answered as follows. Under the provisions of 70 O.S. 6-104.5 [70-6-104.5] and 70 O.S. 6-105 [70-6-105] (1976), a teacher who is absent from his or her duties due to personal accidental injury, illness or pregnancy and whose available sick leave has been previously exhausted, is entitled to receive, for an additional twenty (20) day period, full salary less the amount actually paid a substitute employed to temporarily assume such absent teacher's position. The amount paid a substitute may be such amount as may be agreed upon between the substitute teacher and the board of education. A school district's sick leave plan for teachers may legally permit the Board of Education to calculate deductions from the teacher's salary on the basis of the actual employment contract period, so long as such period does not exceed one hundred ninety (190) days. (R. THOMAS LAY)